UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DAWN OPIPARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:16-cv-00235-RLY-MPB |
| | ) | |
| CITY OF PRINCETON, | ) | |
| POLICE OFFICER WILLIAM W. | ) | |
| GEORGE, | ) | |
| POLICE OFFICER JOHN DYER, | ) | |
| POLICE OFFICER JASON SWAN, | ) | |
| CORRECTIONAL OFFICER ZACHARY | ) | |
| KELLER, | ) | |
| CORRECTIONAL OFFICER MICHAEL | ) | |
| OWENS, and CORRECTION OFFICERS | ) | |
| NOT YET IDENTIFIED, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON JOINT MOTION TO DISMISS**

Plaintiff, Dawn Opipari, was a pre-trial detainee in the Gibson County Jail. She alleges that the Defendants, correctional officers Zachary Keller and Michael Owens from the Gibson County Sheriff's Department, violated her Fourteenth Amendment right to due process by subjecting her to inhumane conditions of confinement. Defendants now move to dismiss her Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. For the reasons explained below, the court **DENIES** the motion.

1

**I.     Background**

On Monday, October 24, 2015, Plaintiff and her live-in boyfriend, Tim Hughes, had an argument during which she injured herself. (Filing No. 1, Compl. ¶¶ 11-12). Members of the Princeton Police Department, Princeton Fire Department, and Princeton Emergency Medical Services were called to the scene and found Plaintiff sitting on the floor of the garage. (*Id.* ¶ 14). Plaintiff was taken to Gibson County General Hospital unwillingly and, after her medical exam was over, she was transported to the Jail. (*See id.* ¶¶ 19, 28, 30-31). She was placed in a restraint chair for an "extended period of time," and then placed in a padded cell "which was extremely cold and brightly lit." (*Id.* ¶¶ 33-34). When she asked for a blanket, she alleges she "was placed back in the restraint chair, a net was placed over her head, and she was taken to a dark, extremely hot room, where she was left in the corner, in a restraint chair, for an extended period of time." (*Id.* ¶ 35). She "eventually passed out from the heat." (*Id.*). When she awoke, she repeatedly asked to be taken out of the room. (*Id.* ¶ 36). At some point, she "was placed back into the extremely cold, brightly lit padded cell." (*Id.*).

While in the padded cell, she alleges her requests to use the bathroom were "often ignored, forcing her to urinate and defecate either in a plastic cup or the corner of the cell." (*Id.* ¶ 37). She felt nauseous, and was told that if she did not eat the food provided, she could not have anything to drink. (*Id.* ¶ 38). In addition, she "developed sores on her feet as a result of rips and tears in the floor," but was deprived of medical attention. (*Id.* ¶ 39).

On Friday, October 28, 2015, Plaintiff was released from the Jail. (*Id.* ¶ 40).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that is sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555. When resolving a motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990).

## III. Discussion

As a pretrial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment. *Rice ex re. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). Nevertheless, the court is guided by Eighth Amendment case law in addressing conditions of confinement claims by pre-trial detainees. *Id.*; *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."). To state a claim, a plaintiff must first allege that

3

"the adverse conditions complained of were 'sufficiently serious' such that the acts or omissions of prison officials giving rise to these conditions deprived the prisoner of a 'minimal civilized measure of life's necessities.'" *Rice*, 675 F.3d at 664-65 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). If so, the court considers whether jail officials were deliberately indifferent to the adverse conditions. *Id.* Here, Defendants argue that the conditions of Plaintiff's confinement, considered separately, are not objectively serious enough to constitute a constitutional violation.

Under the Eighth Amendment, life's necessities include food, shelter, heat, bedding, clothing, and hygiene items. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Adequate food and facilities to wash and use the toilet are among the minimal civilized measure of life's necessities that must be afforded prisoners."); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) ("A lack of heat, clothing, or sanitation can violate the Eighth Amendment."); *Maxwell v. Mason*, 668 F.2d 361, 365 (8th Cir. 1981) (confinement in isolation without adequate clothing or bedding supports an Eighth Amendment claim: "clothing is a 'basic necessity of human existence'"). "Conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need." *Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013); *see also Rhodes*, 452 U.S. at 362-63 ("It is important to recognize that various deficiencies in prison conditions must be considered together. The individual conditions

exist in combination; each affects the other; and taken together they may have a cumulative impact on the inmates.").

The court finds Plaintiff's allegations are sufficiently serious to state a claim under the Due Process Clause of the Fourteenth Amendment. She was denied access to water; restrained against her will with a net over her head; subjected to extreme temperatures which caused her to pass out; and forced to urinate and defecate in her cell. She further alleges that due to the poor condition of the floor, she developed sores on her feet. These alleged conditions fall below the minimal civilized measure of life's necessities, and thus rise to the level of punishment without due process of law. *See Bell v. Wolfish*, 441 U.S. 520, 537 (1979) ("[P]unitive measures . . . may not constitutionally be imposed prior to a determination of guilt."); *see also Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997) (holding exposure to extreme cold may state an Eighth Amendment violation); *Lindsey v. Esser*, 2015 WL 5032659, at *4 (W.D. Wis. 2015) ("The lack of a functioning toilet, however, is more significant . . . . '[W]hen the Eighth Amendment is operative, its ban is violated by locking a person, for any significant period of time, in a cell lacking a flushing toilet and a washbowl.'") (quoting *Flakes v. Percy*, 511 F. Supp. 1325, 1332 (W.D. Wis. 1981); *Cano v. City of New* York, 44 F. Supp. 3d 324 (E.D.N.Y. 2014) ("[D]epriving an incarcerated individual the ability 'to eat, drink, or use the bathroom' for several hours is sufficient to state a claim for deliberate indifference.") (quoting *Boadi v. City of New York*, 12-CV-2456, 2012 WL 3062063, at *4 (W.D.N.Y. July 26, 2012)). Therefore, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment conditions of confinement claim is **DENIED**.

## IV. Conclusion

The court finds Plaintiff states a cognizable conditions of confinement claim under the Fourteenth Amendment. Therefore, Defendants' Joint Motion to Dismiss (Filing No. 19) is **DENIED**.

**SO ORDERED** this 26th day of April 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.